UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ITXAMAR HERNANDEZ, on behalf of herself and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARTHUR J. GALLAGHER SERVICE COMPANY, LLC, a Delaware limited liability company; PRONTO AUTO INSURANCE SERVICES, INC., a California corporation; and DOES 1-50,<br><br>Defendants. | Case No.: 22-cv-01910-H-DEB<br><br>**ORDER DISMISSING DEFENDANT PRONTO AUTO INSURANCE SERVICES, INC. WITHOUT PREJUDICE** |

On October 28, 2022, Plaintiff Itxamar Hernandez filed a putative class action in the Superior Court of California for the County of San Diego against Defendants Arthur J. Gallagher Services Company, LLC ("Arthur J. Gallagher") and Pronto Auto Insurance Services, Inc. ("Pronto"). (Doc. No. 1-2, Compl.) On November 15, 2022, Plaintiff filed a request for dismissal of Defendant Pronto without prejudice pursuant to California Rule of Court 3.770.[1] (Doc. No. 1-4 at ECF pp. 8-10.) On December 2, 2022, Defendant Arthur

---

[1] In her request for dismissal of Defendant Pronto, Plaintiff explains that after the filing of her complaint, Defendant Pronto provided her with sufficient information showing

1

J. Gallagher filed an answer to Plaintiff Hernandez's complaint. (Doc. No. 1-3; Doc. No. 2.) On December 2, 2022, Defendant Arthur J. Gallagher also filed a notice of removal, removing the action from state court to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1441, 1446, on the basis of jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA"). (Doc. No. 1, Notice of Removal.)

California Rule of Court 3.770 provides: "A dismissal of an entire class action, or of any party or cause of action in a class action, requires court approval." Based on the Court's review of the record, it appears that the state court never granted Plaintiff's request for dismissal of Defendant Pronto pursuant to California Rule of Court 3.770. (See generally Doc. No. 1-3; see also Doc. No. 1, Notice of Removal at 1 n.1.)

Nevertheless, Federal Rule of Civil Procedure 41(1)(a)(i) permits a plaintiff to dismiss a party without a court order by filing a notice of dismissal so long as that opposing party has not served an answer or a motion for summary judgment.[2] See Fed. R. Civ. P.

---

that she had never been employed by Defendant Pronto and that there is no joint employer relationship between Defendant Pronto and Defendant Arthur J. Gallagher. (Doc. No. 1-4 at ECF p. 9.) Plaintiff further explains that in light of this, she would not be able to serve as a class representative against Defendant Pronto, and, therefore, she has decided to dismiss her class action as to Defendant Pronto without prejudice. (Id.) Plaintiff represents that Defendant Pronto has not offered any consideration for her to dismiss her class action claims, and Plaintiff has not received any consideration from anyone for the dismissal of her claims against Defendant Pronto. (Id.) Further, Plaintiff states that dismissal of her class action claims without prejudice against Defendant Pronto will not and does not cause any prejudice to any putative class members and does not constitute adjudication of the class action claims. (Id. at ECF p. 10.)

[2] A dismissal under Rule 41(a) is subject to Federal Rule of Civil Procedure 23(e). See Fed. R. Civ. P. 41(a). Rule 23(e) provides: "The claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. Civ. P. 23(e). Because no class has been certified in this case or is proposed to certified as part of the dismissal of Defendant Pronto, Rule 23(e) does not apply to Plaintiff's request to dismiss Defendant Pronto. See Lee v. CVS Pharmacy, Inc., No. 320CV01923BENDEB, 2021 WL 308283, at *3 (S.D. Cal. Jan. 28, 2021); Hall v. W. Ref. Retail, LLC, No.

41(1)(a)(i).  Here, Defendant Pronto has not served an answer or a motion for summary judgment in this action.  As such, the Court dismisses Plaintiff's claims (both the individual claims and the representative claims) against Defendant Pronto without prejudice pursuant to Federal Rule of Civil Procedure 41(1)(a)(i).  The action will proceed on Plaintiff's putative class action claims against Defendant Arthur J. Gallagher.  The Court orders Plaintiff to serve Defendant Pronto with a copy of this order.

**IT IS SO ORDERED.**

DATED: December 7, 2022

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

519CV00855VAPSKX, 2021 WL 4497925, at *1 n.1 (C.D. Cal. June 23, 2021); see also Fed. R. Civ. P. 23(e) advisory committee's note to 2003 amendment ("The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise."); but see Albers v. Yarbrough World Sols., LLC, No. 5:19-CV-05896-EJD, 2021 WL 1925520, at *1 (N.D. Cal. May 13, 2021) ("The Ninth Circuit has held that Rule 23(e) also applies before certification, but in a much lighter form that does not entail 'the kind of substantive oversight required when reviewing a settlement binding upon the class.'" (quoting Diaz v. Trust Territory of Pac. Islands, 876 F.2d 1401, 1408 (9th Cir. 1989)).